UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TIMOTHY LEE SUNDAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 7:25-cv-01377-ACA-JHE |
| | ) |
| **STATE OF ALABAMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff Timothy Lee Sunday filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. 1). In August 2025, the magistrate judge entered a report recommending the court dismiss this action without prejudice pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). (Doc. 3). Mr. Sunday filed timely objections to the magistrate judge's report and recommendation. (Doc. 4).

Mr. Sunday's objections are disjointed and indecipherable. More importantly, Mr. Sunday does not challenge the magistrate judge's conclusion that he has filed at least three cases that have been dismissed as meritless and does not satisfy the imminent danger exception under § 1915(g) to proceed with this action. Accordingly, Mr. Sunday's objections (doc. 4) are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, the court **MODIFIES** the magistrate judge's report and recommendation only to clarify the basis for dismissal to the extent Mr. Sunday's complaint is a mandamus petition. The court **ADOPTS** the report and **ACCEPTS** the recommendation to the extent Mr. Sunday's filing alleges violations of 42 U.S.C. § 1983. Mr. Sunday has not established that he is under imminent danger of serious physical injury to warrant an exception to the three-strikes provision under 28 U.S.C. § 1915(g).

To the extent that Mr. Sunday's complaint can be construed as a petition for mandamus to instruct the Alabama Supreme Court to consider a state court petition (*see* doc. 1 at 1, 8, 14), this court lacks jurisdiction. *Lamar v. 118th Jud. Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971).[1] That is, "federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Id.* Thus, even if the filing is a mandamus petition, the court must dismiss it.

Because the court modifies the report only to clarify the basis for dismissal, the court **DISMISSES** this action **WITHOUT PREJUDICE**. Mr. Sunday did not pay the filing and administrative fee when he filed the complaint. *See* 28 U.S.C.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

§ 1915(g). And this court lacks jurisdiction if Mr. Sunday seeks an order compelling the Alabama Supreme Court to consider his petition.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 6, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE